IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALEJANDRO ARRELLANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 1:22-cv-171 |
| AHTNA SUPPORT AND TRAINING SERVICES, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**<u>AHTNA SUPPORT AND TRAINING SERVICES, LLC'S MOTION TO DISMISS</u>**

Defendant Ahtna Support and Training Services, LLC ("Defendant" or "Ahtna"), incorrectly named as Ahtna Technical Services, Inc. and/or ATHNA Support and Training Services, Inc.,[1] files this Motion to Dismiss the civil action filed against it by Plaintiff Alejandro Arrellano ("Plaintiff").

**I.    FACTUAL BACKGROUND**

This case concerns Plaintiff's termination from Ahtna on or around August 13, 2020. (*See* Plaintiff's First Amended Original Petition ("Complaint") [Dkt. 1-3] at ¶¶ 5.1, 5.3). Ahtna operated a detention facility for the Federal Government, specifically the Department of Homeland Security Immigration and Customs Enforcement at the Port Isabel Detention Center in Los Fresnos, Texas. (Exhibit 1 – Arrellano Arbitration Award, at p. 6).[2] Here, Ahtna oversaw security of detainees and

---

[1] Plaintiff incorrectly named "AHTNA Technical Services, Inc." in the case caption and identifies "ATHNA SUPPORT & TRAINING SERVICES, INC." in his First Amended Original Petition and attempted service on this entity through the Texas Secretary of State. Defendant denies that ATHNA Support & Training Services, Inc. is an existent entity or that either Ahtna Technical Services, Inc. or ATHNA Support & Training Services, Inc. are proper parties with respect to any claim asserted by Plaintiff in the First Amended Original Petition.
[2] Ahtna requests that the Court take judicial notice of the Arbitration award, attached as Exhibit 1, pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201; *Wright v. TCU/IAM*, No. 4:20-cv-0975, 2020 WL 7061874 (S.D. Tex. Nov. 5, 2020).

was in charge of safely transporting detainees on outings such as doctor's appointments. (Exhibit 1 at p. 6). Plaintiff was a Transportation Lieutenant at the time of his termination. (Exhibit 1 at p. 6). In this role, one of his job duties was to verify that individuals under his supervision were properly equipped, specifically with safety gear, when leaving the facility with a detainee. (Exhibit 1 at p. 6). On August 13, 2020, Plaintiff failed to adequately verify that two guards under his supervision were properly equipped with body armor prior to an off-site trip with a detainee. (Exhibit 1 at p. 13). Due to the failure to appropriately abide by security protocols, Plaintiff was terminated. (Exhibit 1 at pp. 6, 13). Plaintiff alleges that his termination was the result of discriminatory behavior due to Plaintiff's race/national origin and/or age. (Complaint at ¶¶ 5.3, 7.1-7.3). Further, Plaintiff alleges that he "was wrongfully and illegally retaliated against following his opposition and complaint of discrimination." (Complaint at ¶ 8.2).

## II.     STANDARD OF REVIEW

Dismissal for failure to state a claim under Rule 12(b)(6) should be granted "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Frank v. Delta Airlines Inc.*, 314 F.3d 195, 197 (5th Cir. 2002) (dismissing employee's claim against employer). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the district court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Although the court must accept all-well pleaded facts as true, it does not

"strain to find inferences favorable to plaintiff" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 at 678. Thus, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court can dismiss a plaintiff's claim with prejudice, without leave to amend, if any such amendment would be futile. Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) (explaining that dismissal without leave to amend is appropriate if "it is clear that the defects are incurable").

### III. ARGUMENTS AND AUTHORITIES

**A. ATHNA SUPPORT & TRAINING SERVICES, INC. AND AHTNA SUPPORT AND TRAINING SERVICES, INC. WERE NOT PLAINTIFF'S EMPLOYER.**

As an initial matter, Plaintiff has not named his actual employer in this lawsuit; therefore, the incorrect entities should be dismissed. To be a proper party to a suit by an employee or former employee under the Texas Commission on Human Rights Act ("TCHRA"), the party must have actually employed the plaintiff. *See, e.g.*, Tex. Labor Code § 21.002(7), (8) (defining employee as someone employed by an employer and defining employer). Plaintiff was employed by Ahtna Support and Training Services, LLC. (Exhibit 1). Yet, Plaintiff names Ahtna Technical Services, Inc. and ATHNA Support & Training Services, Inc. as the defendant.[3] Moreover, Plaintiff's Complaint is devoid of *any* allegations sufficient to establish that either entity was his employer.

---

[3] Ahtna Technical Services, Inc. is a forfeited entity that no longer does business and at no time employed Plaintiff. (*See* Exhibit B to Plaintiff's Complaint). Athna Support & Training Services, Inc., does not exist.

3

Accordingly, his claims against either entity he has named in both the caption and body of the Complaint must be dismissed.

**B.     PLAINTIFF'S DISCRIMINATION CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.**

Plaintiff's discrimination claims should be dismissed pursuant to the doctrine of collateral estoppel. Res judicata is an umbrella term that contains two distinct methods to preclude re-litigation of previously decided facts or claims: claim preclusion (traditionally referred to as res judicata) and issue preclusion (collateral estoppel). *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979). A party may be collaterally estopped from seeking a determination on the same issue in multiple dispute forums. *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991); *Crusius*, 2004 WL 2677203 at *3; *Milliken v. Grigson*, 986 F.Supp. 426, 431 (S.D. Tex. 1997); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 223-24 (1985). When a defendant seeks to preclude a plaintiff from relitigating a previously decided issue, this is considered defensive collateral estoppel. *Crusius v. AIG Sunamerica Life Assur. Co.*, No. SA-01-CA-0908-RF, 2004 WL 2677203, at *3 (W.D. Tex. Nov. 15, 2004). Specifically, courts have found that defensive use of collateral estoppel promotes judicial efficiency. *Crusius*, 2004 WL 2677203 at *3 ("Because of the important role of defensive collateral estoppel in promoting judicial economy and the weight of authority treating it similar to offensive collateral estoppel, this Court finds that the reasoning of *J-Chem* pertains to this matter and therefore follows that decision's guidance to determine whether to preclude the relitigation of issues previously determined in the NASD arbitration."); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-31 (1979); *Winters v. Diamond Shamrock Chem. Co.*, 901 F. Supp. 1196, 1203 (E.D. Tex. 1995).

For collateral estoppel to apply, the issue at stake must be the same as one involved in the prior action, the issue must have been actually litigated in the prior action, and the determination of the issue in the prior action must have been a part of the judgment in that action. *Tremont, LLC*

4

*v. Halliburton Energy Servs., Inc.*, 696 F. Supp. 2d 741, 751 (S.D. Tex. 2010). However, the claims and subject matter of the prior proceeding do not have to be identical. *Id.* The United States Supreme Court has held that a party may be precluded from re-litigating an issue in a federal forum that which was previously determined in an arbitration proceeding, after evaluation of relevant factors concerning the procedural fairness of the arbitration proceeding. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 59 n.21 (1974); *see also Grimes v. BNSF Ry.*, 746 F.3d 184, 187 (5th Cir. 2014). A court may attribute an arbitral determination great weight when "the issue is solely one of fact, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record." *Grimes*, 746 F.3d at 187. Specifically, the Fifth Circuit has stated:

> A district court has "broad discretion" to decide whether to apply the doctrine, "at least when the arbitral pleadings state issues clearly, and the arbitrators set out and explain their findings in a detailed written opinion." *Universal Am. Barge,* 946 F.2d at 1137. Additionally, "[a] district court in exercising its discretion must carefully consider whether procedural differences between arbitration and the district court proceeding might prejudice the party challenging the use of offensive collateral estoppel." *Id.* If the procedural differences "might be likely to cause a different result," then collateral estoppel is inappropriate. *Id.* at 1138. The arbitrators also ought to be "experienced and disinterested individuals." *Cf. id.* at 1137.

*Id.* at 188.

It is without question that the arbitral forum was procedurally adequate. The parties selected the neutral arbitrator to hear the grievance pursuant to the collective bargaining agreement ("CBA"). (Exhibit 1 at p. 1). Plaintiff was represented by counsel and was given the opportunity to present evidence, examine witnesses, and argue matters before the arbitrator. (Exhibit 1 at p. 1). After the presentation of the evidence and the submission of the post-hearing briefs by the parties, the arbitrator issued a thirteen-page written opinion finding that Ahtna had just cause in its decision to terminate Plaintiff for "failure to follow Ahtna procedures and policies to ensure transport officers had their body armor on when transporting detainees on details." (Exhibit 1 at p. 13).

Therefore, the arbitral forum was an adequate forum for the resolution of the issue relevant to the collateral estoppel analysis. *See Grimes*, 746 F.3d at 187.

Here, the issue relevant to the collateral estoppel analysis is: did Ahtna have a legitimate, non-discriminatory reason for Plaintiff's termination. Before this Court, Plaintiff will have to prove the following elements to establish a prima facie case of discrimination: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) similarly situated employees outside of his protected class were treated more favorably. *See, e.g.*, *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997–98 (5th Cir. Apr. 21, 2022). If Plaintiff is successful in establishing a *prima facie* case of discrimination, the burden shifts to Ahtna to show a legitimate, non-discriminatory reason for Plaintiff's termination. *Id.* In other words, it is indisputable that if Ahtna had good cause to terminate Plaintiff's employment, Ahtna had a legitimate, non-discriminatory reason for Plaintiff's termination.

In the arbitration, the parties litigated the question of whether Ahtna had just cause to terminate Plaintiff's employment. As provided in the detailed arbitration award, the parties presented evidence, examined witnesses, conducted opening statements, and submitted post-hearing briefs for the arbitrator's consideration on the sole issue of whether Ahtna had good cause to terminate Plaintiff's employment. (Exhibit 1 at p. 1). All information considered and decided revolved around the question of whether Ahtna had just cause to terminate Plaintiff. (Exhibit 1). Thus, the issue of whether Ahtna had good cause to terminate Plaintiff was essential, not collateral, to the arbitration award. (Exhibit 1 at pp. 2, 13). While this question is not phrased precisely the same as the question of whether Ahtna had a legitimate, non-discriminatory reason for terminating Plaintiff's employment, it is indeed dispositive of this question before this Court. *Tremont*, 696

F.Supp.2d at 751, 835-36 (finding analysis of a contract concerning a different property location in a prior arbitration was dispositive of the analysis of the contract in the location that was the subject of the federal court suit). Similarly, a finding that Ahtna had just cause to terminate Plaintiff's employment due to his failure to abide by security directives is identical to a finding that Ahtna had a legitimate, non-discriminatory reason for Plaintiff's termination.

The Arbitrator found that Ahtna had just cause to terminate Plaintiff is necessarily dispositive of the question of whether Ahtna had a legitimate, non-discriminatory reason to terminate Plaintiff. Thus, even if Plaintiff were able to meet his burden to establish a *prima facie* case of discrimination—which Ahtna does not concede—Plaintiff cannot succeed on his discrimination claims because the Arbitrator already found that Ahtna had a legitimate, non-discriminatory reason for terminating Plaintiff. Because the issue here is the same as the one involved in the prior action—whether Ahtna had a legitimate reason or good cause to terminate Plaintiff—Plaintiff should be precluded from re-litigating this issue before this court. *See Grimes*, 746 F.3d at 187. Accordingly, the Court should dismiss discrimination claims.

C. **PLAINTIFF'S COMPLAINT FAILS TO ASSERT A PLAUSIBLE CLAIM OF RETALIATION.**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must set forth allegations that enable the court to reasonably infer that his employer retaliated against him in violation of Title VII. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Specifically, to state a claim for retaliation, "a plaintiff must establish that: (1) he engaged in protected activity, as described in Title VII; (2) he suffered an adverse employment action; and (3) a causal nexus exists between the protected activity and the adverse employment action." *Mota v. The University of Texas Houston Health Science Center*, 261 F.3d 512, 519 (5th Cir. 2001) (citing *Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 198 (5th Cir. 2000)). "The 'ultimate question' is whether Plaintiff has pleaded facts from which the Court can reasonably infer that an adverse employment action

was taken "because of [his] protected status." *Franklin v. Managed Labor Solutions, LLC*, No. , 2022 WL 17980265, at *2 (S.D. Tex. Dec. 7, 2022) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). Here, Plaintiff fails altogether to allege that he engaged in any protected activity prior to his termination. Therefore, Plaintiff's claim of retaliation should be dismissed.

"Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. National Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quotations and citation omitted). Plaintiff alleges in conclusory fashion that "he was wrongfully and illegally retaliated against following his opposition and complaint of discrimination." (Complaint at ¶ 8.2). Yet, Plaintiff fails to allege with any specificity what complaint of discrimination he allegedly made, who he complained about, to whom he allegedly made this complaint of discrimination, and when he allegedly made this complaint. These vague and conclusory allegations are insufficient to plausibly assert a claim of retaliation and, therefore, Plaintiff's claim should be dismissed. *See, e.g., Flores v. Select Energy Servs., L.L.C.,* 486 F. App'x 429, 433 (5th Cir. 2012)(granting motion to dismiss retaliation claim where plaintiff did not allege any discrete facts that he engaged in protected activity); *Walker v. Univ. of Texas Med. Branch-Galveston,* No. 3:17-CV-00313, 2018 WL 3850827, at *3 (S.D. Tex. July 3, 2018), report and recommendation adopted, No. 3:17-CV-00313, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018)(granting motion to dismiss Title VII retaliation claim where nowhere in the complaint was there any allegation that plaintiff complained of conduct constituting discrimination); *Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 514–15 (S.D. Tex. 2015) (granting motion to dismiss because plaintiff failed to plead more than mere "vague assertions" that his employer retaliated against him for complaining about his coworkers and supervisor).

Moreover, "to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003). Plaintiff's Complaint does allege that he filed an EEOC Charge on January 29, 2021. (Complaint at ¶ 6.0). But, as Plaintiff's Complaint acknowledges, Plaintiff was terminated by Ahtna on August 26, 2020, yet he did not file his Charge of Discrimination until January 28, 2021 – five months *after* his termination. (Complaint at ¶¶ 5.1, 6.0). There simply cannot be a causal connection between Plaintiff's termination and his EEOC Charge filed five months later. *See Chhim v. Univ. of Houston Clear Lake*, 836 F.3d 467, 472 (affirming dismissal of retaliation claim based upon EEOC Charge or grievances, noting defendant "could not have refused to hire [plaintiff] in retaliation for grievances he had not yet filed."); *Stone v. La. Dep't of Revenue,* 590 F. App'x 332, 341 (5th Cir. 2014) (concluding a complaint failed to state a claim for retaliation when the adverse action occurred before grievances were filed, and thus the plaintiff failed to show "a causal connection between the protected activity and the adverse employment action"). Thus, Plaintiff has not alleged and cannot prove a necessary element of his retaliation claim. Moreover, because Plaintiff cannot amend his complaint to assert any additional facts to cure this defect, the Court should not permit Plaintiff the opportunity to amend his complaint and, instead, should dismiss Plaintiff's retaliation claim in its entirety.

**D.     PLAINTIFF'S RETALIATION CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Plaintiffs claiming employment discrimination must first exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Any resulting lawsuit must be limited to the scope of the EEOC's investigation, reasonably expected to flow from the charge, and filed within a statutory timeframe. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). While

9

not jurisdictional, this requirement "is a precondition to filing suit in district court." *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). Thus, complaints asserting unexhausted claims should be dismissed for failure to state a claim under Rule 12(b)(6). *Id.* "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008).

A plaintiff fails to exhaust his or her administrative remedies by either foregoing the above process or asserting claims beyond the scope of the charge and right-to-sue letter. *See id*. at 863-64; *Jennings v. Watson*, 11 F.4th 335, 343 (5th Cir. 2021) (upholding dismissal of discrimination claim when it was unreasonable that facts as alleged in charge would have led EEOC investigation to uncover facts in support of unrelated claims). "Failure to exhaust administrative remedies 'is not a procedural 'gotcha' issue,' but 'a mainstay of proper enforcement of Title VII remedies.'" *Jones v. FJC Sec. Servs.*, 40 F. Supp. 3d 840, 848 (S.D. Tex. 2014) (quoting *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 272 (5th Cir. 2008)).

In his administrative charge, Plaintiff alleged meager facts in support of his discrimination claim and alleged *no facts* in support of a retaliation claim:

> On or about August 13, 2020, I was assigned to conduct an inspection and complete a transport detail report (Transport Officer Supervisory Inspection form, 391) verifying that both Transport Officer Jaime Rodriguez (approx.. 40-yrs-old) Transport Officer David Gamboa (approx..30-yrs-old) in compliance of wearing their equipment and body armor. On or about August 26, 2010 (sic), I was terminated for allegedly providing inaccurate information, since those officers were later found to have not been wearing their gear. That is false. I visually inspected and verified that both officers were wearing their gear while they were both in the van. I am aware of other, younger officers and supervisors who allegedly made the same or similar violations and were not terminated and/or received disparate discipline . . .

(Exhibit 2, Charge of Discrimination). Because Plaintiff failed to allege a claim of retaliation in his EEOC Charge, he failed to timely exhaust his administrative remedies. Accordingly, his retaliation claim fails as a matter of law and must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Ahtna requests that Plaintiff's claims be dismissed. In addition, because allowing Plaintiff to amend his Complaint would not cure the defects identified in this Motion, any amendment would be futile. Accordingly, Ahtna requests that Plaintiff's claims be dismissed with prejudice.

Dated: January 3, 2023

       Respectfully submitted,

       **BAKER & HOSTETLER LLP**

By:    */s/ Ashlee Cassman Grant*
Ashlee Cassman Grant
Federal ID 1607786
Amber L. Buckheister
Federal ID 2536020
Jennifer R. DeVlugt
Federal ID 3323698

811 Main Street, Suite 1100
Houston, TX  77002
Phone: (713) 751-1600
agrant@bakerlaw.com
abuckheister@bakerlaw.com
jdevlugt@bakerlaw.com

**ATTORNEYS FOR DEFENDANT AHTNA SUPPORT AND TRAINING SERVICES, LLC**

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served *via* email and electronic service on this 3rd day of January 2023, on the following counsel of record:

Ricardo R. Godinez
GODINEZ LAW FIRM, P.C.
2415 North 10th Street
McAllen, Texas 78501
Telephone: (956) 682-5434
E-mail: ric@godinezlaw.com

 */ s /   Ashlee Cassman Grant*
Ashlee Cassman Grant